IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Leora Lyn Rose,<br><br>          Plaintiff,<br><br>vs.<br><br>FedLoan Servicing,<br><br>Serve CEO James Steeley at:<br>1200 N. 7th St.<br>Harrisburg, PA 17102<br><br>          Defendant. | Case No. 4:23-cv-00857 |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Leora Lyn Rose, by and through her attorneys at WM Law, who, pursuant to 15 U.S.C. §§1681, *et seq*, as amended, in her Complaint for Damages states and alleges to the Court as follows:

## INTRODUCTION

This is an action for damages brought by individual consumer Leora Lyn Rose against FedLoan Servicing, (hereafter "**Defendant**"), for violations of the Fair Credit Reporting Act (hereafter "**the FCRA**"), 15 U.S.C. §§1681, *et seq*, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. §1681 and generally under 28 U.S.C. §1331.

2. Venue in this Court is proper in that Defendant transacts business in the state of Missouri and Missouri is where the injuries occurred.

1

## PARTIES AND SERVICE

3. Leora Lyn Rose, (hereafter "**Plaintiff**"), is a natural person who, at all times relevant, resides in the State of Missouri.

4. FedLoan Servicing, (hereafter "**Defendant**"), is a student loan servicer who regularly services consumers in Kansas and may be served through its CEO James Steeley at 1200 N. 7th ST, Harrisburg, PA 17102.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. On April 6, 2016, Plaintiff filed a Chapter 13 bankruptcy in the Western District of Missouri as Case No. 16-40868-can13.

6. The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on April 7, 2016.

7. The BNC Certificate of Mailing of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines showing Defendant was sent notice of Plaintiff's bankruptcy is attached as Exhibit A.

8. Plaintiff owed federal student loans serviced by Defendant, and that were listed on her Schedule F filed in her Chapter 13 bankruptcy.

9. The pertinent page of Plaintiff's Schedule F is attached as Exhibit B.

10. Plaintiff received her discharge on January 29, 2021.

11. The BNC Certificate of Mailing of the Notice of Discharge of Debtor showing Defendant was sent notice of Plaintiff's discharge is attached as Exhibit C.

12. On July 22, 2022, Plaintiff requested and reviewed her credit reports from Equifax, Experian, and TransUnion.

13. Plaintiff became aware that Defendant was incorrectly reporting late months throughout the pendency of her Chapter 13 bankruptcy.

14. The pertinent pages of Plaintiff's incorrect credit reports are attached as Exhibit D.

15. On September 15, 2022, Plaintiff sent letters with her bankruptcy information to Equifax, Experian and TransUnion by certified mail through BK Attorney Services disputing Defendant's incorrect reporting in accordance with 15 U.S.C. §1681i.

16. Copies of Plaintiff's Dispute Letters are attached as Exhibit E.

17. The BK Attorney Services Certificates of Service and the USPS Certified Mail Return Receipts are attached as Exhibit F.

18. Plaintiff only received reinvestigation results from TransUnion showing Defendant verified the incorrect reporting.

19. The pertinent page of Plaintiff's TransUnion reinvestigation results is attached as Exhibit G.

20. Accordingly, on April 28, 2023, Plaintiff sent second letters with her bankruptcy information to Equifax and Experian by certified mail through BK Attorney Services disputing Defendant's incorrect reporting in accordance with 15 U.S.C. §1681i.

21. Copies of Plaintiff's second Dispute Letters are attached as Exhibit H.

22. The BK Attorney Services Certificates of Service and the USPS Certified Mail Return Receipts are attached as Exhibit I.

23. Plaintiff only received reinvestigation results from Equifax showing Defendant verified the incorrect reporting.

24. The pertinent pages of Plaintiff's Equifax reinvestigation results are attached as Exhibit J.

25. Defendant's failure to conduct reasonable investigations of Plaintiff's account after receiving two separate disputes from each credit reporting agency, (hereafter "**CRA**"), was

a substantial factor causing Plaintiff reduced credit scores, emotional distress and anxiety, frustration and stress, missed time from work to tend to this matter, missed personal time in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

26. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

## COUNT I
## FEDLOAN SERVICING
## VIOLATIONS OF THE FCRA

27. Plaintiff repeats, realleges and incorporates by reference each and every prior paragraph in her Complaint.

28. Plaintiff is a "consumer" within the meaning of the FCRA. 15 U.S.C. §1681a(c) and 12 CFR §1022.3(f).

29. Defendant qualifies as a "furnisher of information" to the CRA's within the meaning of the FCRA. 12 CFR §1022.41(c).

30. The FCRA prohibits furnishers from reporting information to each CRA, which is inaccurate, irrelevant, and improper, or which such furnishers have reason to believe is inaccurate.

31. Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRA's within the purview of the FCRA.

32. The FCRA also provides privately enforceable duties where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the CRA's. 15 U.S.C. §1681i.

33. After receipt of a disputed account from a CRA, a furnisher has a duty to

reinvestigate and review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

34. The courts have consistently adopted the standard that the furnisher's reinvestigation must be evaluated under a reasonable investigation standard, which should be evaluated from a number of factors.

35. The furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. §1681i(a)(1)(A).

36. In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

37. It is important to keep in mind that the duties of furnishers of information imposed under 15 U.S.C. §1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA. Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRA's, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

38. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. §1681o.

39. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as well as for costs and attorney fees. 15 U.S.C. §1681n.

40. The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co.*

*of America v. Burr*, 551 U.S. 47 (2007).

41. After receiving multiple notices of Plaintiff's dispute letters from the CRA's, Defendant should have conducted a reasonable investigation and properly updated the information reported on Plaintiff's accounts yet failed to do so.

42. As a result of the actions of Defendant, Plaintiff suffered damages including reduced credit scores, emotional distress, and frustration.

43. The plain language of the FCRA's damages provisions permits Plaintiff to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. §1681n(a)(1)(A).

44. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as well as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

45. Defendant was notified twice by each CRA of Plaintiff's disputes requesting an investigation that it was reporting inaccurate information on Plaintiff's credit reports.

46. The purpose of the investigation is not simply to confirm that the CRA has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself considering all available information.

47. Defendant knew it was required by law to have investigation procedures and protocols in place to investigate Plaintiff's account information and Defendant's failure and refusal to have proper procedures in place to conduct a reasonable investigation of Plaintiff's accounts constitutes willful, conscious, and reckless disregard for Plaintiff's rights, including those under the FCRA.

48. Defendant's failure and refusal to conduct a reasonable investigation and correct

the information constitutes a willful violation of the FCRA and in conscious disregard of the rights of Plaintiff and others justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages against Defendant in such sum as will deter FedLoan Servicing and others in the future from similar conduct, and for such other relief the Court deems just and reasonable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Leora Lyn Rose respectfully requests this Court award the following:

a. Actual Damages,

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Correction of all misreported information on Plaintiff's credit reports; and

f. For such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Chelsea S. Williamson
Chelsea S. Williamson, KS #20522
WM Law
15095 W. 116th St.
Olathe, KS 66062
Phone: (913) 422-0909
Fax:     (913) 428-8549
Email:  williamson@wagonergroup.com
Attorney for Plaintiff